**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DARRYL FLUKER,

           Plaintiff,

vs.                                                     Case No. 3:06-cv-119-J-32JRK

ALLIED AUTOMOTIVE GROUP,

           Defendant.

 

**ORDER**[1]

This case is before the Court on plaintiff's resubmitted Motion for Class Certification (Doc. 18), to which defendant has filed a response in opposition (Doc. 21). In an August 20, 2007 Order (Doc. 16), the Court denied without prejudice earlier motions for class certification (Docs. 7, 8) because plaintiff had amended his complaint since filing those motions and the motions were therefore directed to a complaint that was no longer the operative pleading.

However, plaintiff's latest motion for class certification, which he filed <u>after</u> he filed his amended complaint, quite clearly explains that relief is sought based on claims "set forth in the <u>initial complaint</u>" and that it is "based on allegation [sic] made in the <u>initial complain</u> [sic] and the commonality of those claims and questions of law of the members of the class." Doc. 18 at ¶ 1 (emphasis added). While the Court might have been inclined to construe the motion in such a manner as to permit it to stand over as to plaintiff's amended complaint,

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

such course would only have been appropriate if the amendment to the complaint cured technical defects but retained the same allegations raised in the initial complaint. The amendments to plaintiff's complaint, however, do not permit such course because, while both complaints generally allege that defendant engages in discriminatory employment practices relative to work assignments and discipline, each complaint contains fairly discrete allegations of employment decisions which plaintiff alleges reflect the discriminatory treatment he received. Compare Docs. 1, 12. On this basis, plaintiff's motion (Doc. 18) is therefore **DENIED**.[2]

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of November, 2007.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record

---

[2] The Court notes that plaintiff has secured counsel since filing his motion for class certification and that his capacity to represent members of a class has therefore now changed (thus curing one of the other main defects with his motion). To the extent plaintiff, with the assistance of counsel, wishes to further pursue class certification, he is advised that a District Court subjects such motions to "rigorous analysis" to ensure that Rule 23's requirements have been met. General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 160-61 (1982); Cooper v. Southern Co., 390 F.3d 695, 712 (11th Cir. 2004).